IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| BRADLEY HOSIER, INDIVIDUALLY AND ON BEHALF OF PERSONS SIMILARLY SITUATED, § § § § | | |
| PLAINTIFF, § § | | |
| V. § § | CASE NO. 3:10-CV-294-J-32-JRK | |
| MATTRESS FIRM, INC., A FOREIGN CORPORATION, § § § § | | |
| DEFENDANT. § | | |

NOTICE OF SETTLEMENT OF LAWSUIT
FOR UNPAID OVERTIME WAGES
<u>AGAINST MATTRESS FIRM, INC.</u>

To:  Individuals employed by Mattress Firm, Inc. as Managers On Duty at any time between October 1, 2007 and May 26, 2011

   You are receiving this Notice pursuant to a Court order, to advise you of your legal right to participate in the settlement of a lawsuit filed by Bradley Hosier against Mattress Firm, Inc. ("Mattress Firm") on April 8, 2010, in federal court in Jacksonville, Florida.  The plaintiff in that suit, Bradley Hosier, formerly was employed by Mattress Firm as a Manager on Duty ("MOD").  Mr. Hosier, suing on behalf of himself and others similarly situated, claimed that he was owed additional minimum and overtime wages under the Fair Labor Standards Act ("FLSA") for work performed while he was employed at Mattress Firm.  Twelve additional current or former employees who had worked as MODs joined the case as plaintiffs.  Mattress Firm disagreed that Mr. Hosier or anyone else was not paid in accordance to the law, and Mattress Firm denied and

**EXHIBIT 4**

Hosier, et al. v. Mattress Firm, Inc., Case No. 3:10-CV-294
Middle District of Florida (Jacksonville Division)

continues to deny that it violated the FLSA or any other law.  Despite these disagreements, Mattress Firm voluntarily agreed with plaintiffs on a settlement to resolve the claims of plaintiffs and all MODs who, while employed in that position at any time between October 1, 2007 and May 26, 2011, were not paid commissions during a training period, were not paid commissions exceeding their draw  during more than one-twelfth of their commission periods, or whose total pay did not equal or exceed one and one-half minimum wage during one or more commission periods ("Eligible MODs.")  You have been identified as an Eligible MOD.

This settlement agreement constitutes a compromise by the plaintiffs and Mattress Firm and does not constitute an admission of liability by Mattress Firm.  Mattress Firm denies any and all liability.  There are disputed issues of fact and law, and the Plaintiffs' Counsel are satisfied that the terms of the settlement represent a fair, adequate and reasonable compromise of the claims at issue in light of those legal and factual disputes as well as uncertainty as to whether the Plaintiffs would be deemed similarly situated to putative opt-in plaintiffs, whether the Plaintiffs would obtain a judgment in their favor, and the prospect of prevailing in any possible appeals.

The Court has approved the terms of the parties' settlement and directed that all Eligible MODs receive notice of the terms of this settlement and of their legal right to file a Consent to Join Form in this case on or before [60 days of mailing] so as to be entitled to receive a monetary distribution from the settlement funds.

Federal law prohibits an employer from retaliating against an employee in response to the exercise of legal rights under the FLSA.  Mattress Firm will not discharge you or retaliate against you in any manner for filing Consent to Join Form in this lawsuit.

**SETTLEMENT TERMS**

The parties' settlement provides that Mattress Firm shall pay a total of One Million Six Hundred Thousand Dollars ($1,600,000) into a settlement fund.  From this fund, claims will be paid to each Eligible MOD who timely completes and returns a Consent to Join Form, included with this notice.  In addition, a sum equivalent to less than 1% of the settlement fund will be distributed among the 13 original plaintiff and opt-in plaintiffs as service payments in recognition of their efforts for the benefit of themselves and other Eligible MODs during the

Hosier, et al. v. Mattress Firm, Inc., Case No. 3:10-CV-294
Middle District of Florida (Jacksonville Division)

litigation, which included participation in discovery, including depositions, and in the preparation for mediation. The service payments will range from $500 to $2,000 depending upon the original plaintiff's level of involvement and participation in the case. Also from this fund, Counsel for Plaintiffs has been approved to receive $_____ to compensate them for attorneys' fees and litigation expenses and were awarded $____ in court costs.  In addition, the amount of the employer's share of FICA and FUTA, and any other state-specific requirements on the settlement payments designated as back wages and the estimated expenses of the Settlement Claims Administrator and the Settlement Fund shall be deducted from the fund.

Plaintiffs and each Eligible MOD who timely files a Consent to Join Form in response to this Notice, thereby becoming Qualified Claimants will be entitled to receive a distribution from the settlement fund based upon his or her estimated minimum wage and/or overtime compensation damages.  The payments attributed to Plaintiffs and Qualified Claimants shall be evenly divided between back wages and liquidated damages.

Amounts allocated to back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.).  Amounts allocated as liquidated damages shall be treated as non-wage income to the Qualified Claimant.  The Settlement Claims Administrator shall report the back wage payments to the Qualified Claimants on an IRS Form W-2, and shall report the liquidated damages payments on an IRS Form 1099.

The back wage and liquidated damage payments, along with any service payments approved by the Court, shall be paid to Qualified Claimants on or before [____30 days from claim bar date_____.].

Any funds remaining in the Settlement Fund after the distributions as authorized in the Settlement Agreement shall revert to Mattress Firm.

## HOW TO MAKE A CLAIM IN THIS LAWSUIT

If you want to participate in this lawsuit and be bound by its settlement terms, it is extremely important that you read, sign, and return the Consent to Join Form enclosed with this

3

Hosier, et al. v. Mattress Firm, Inc., Case No. 3:10-CV-294
Middle District of Florida (Jacksonville Division)

Notice so that that they are <u>received</u> by the Settlement Claims Administrator by [60 days from mailing of notice] _____.  An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

Settlement Claims Administrator
Hosier Collective Action
[Address]

You can also fax the completed Consent to Join Form to _____- or scan and email them to _____.

You may contact the Settlement Claims Administrator at _____ to confirm receipt of your Consent to Join Form.  If you are confirmed as a Qualified Claimant, your Consent to Join Form will be filed with the Court, and you will receive your share of the settlement.  Your address, telephone numbers, email address, and Social Security number will not be filed in the public record.

## LEGAL EFFECT OF FILING
## THE CONSENT TO JOIN FORM

Qualified Claimants will be entitled to a share of the settlement funds and will be bound by the terms of the settlement the Court has approved.  All Qualified Claimants release, through May 26, 2011, all minimum wage and overtime compensation claims that were or could have been asserted in this matter against Mattress Firm and its subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees and assigns, including, without limitation, all state and federal claims for wages, penalties, interest, and liquidated damages, attorneys' fees, costs, and expenses.

The Court has designated the law firms of Shavitz Law Group, P.A. and Burr & Smith, LLP, as shown below, as the collective action counsel for Plaintiffs and Qualified Claimants.

Hosier, et al. v. Mattress Firm, Inc., Case No. 3:10-CV-294
Middle District of Florida (Jacksonville Division)

| | |
|---|---|
| SHAVITZ LAW GROUP, P.A. | BURR & SMITH, LLP |
| c/o Hal B. Anderson | c/o Sam Smith, Esquire |
| 1515 S Federal Hwy. Suite 404 | 442 W. Kennedy Boulevard, Suite 300 |
| Boca Raton, FL 33432 | Tampa, FL 33606 |
| (561) 447-8888 | (813) 253-2010 |

## EFFECT OF *NOT* FILING
## THE CONSENT TO JOIN FORM

If you do not want to join this lawsuit, receive any money from the settlement or be bound by its terms in exchange for payment, you do not need to respond to this Notice. If you do not file a Consent to Join Form in this case you will retain any right you may have to file a separate lawsuit, subject to the time limitations imposed by law.

## QUESTIONS?

You may contact the Settlement Claims Administrator at [insert toll-free number] if you have questions regarding this Notice.

Hosier Collective Action
[Address]

Please do not contact the Court.

**THIS NOTICE WAS AUTHORIZED ON _____
BY JUDGE TIMOTHY J. CORRIGAN, UNITED STATES DISTRICT
COURT, MIDDLE DISTRICT OF FLORIDA.**

Hosier, et al. v. Mattress Firm, Inc., Case No. 3:10-CV-294
Middle District of Florida (Jacksonville Division)

## CONSENT TO JOIN AND RELEASE
## PURSUANT TO 29 U.S.C. §216(b)

1. I hereby consent and opt-in to become a plaintiff in a lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., against my current/former employer, Mattress Firm, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "Mattress Firm").

2. I hereby designate the Shavitz Law Group, P.A. and Burr & Smith, LLP, to represent me in bringing my claim and the lead named Plaintiff to serve as my agent and make decisions on my behalf concerning the litigation and settlement.

3. I consent to be bound by the collective action settlement herein approved by my attorneys and approved by the Court as fair, adequate, and reasonable.

4. In exchange for the consideration described in the Settlement approved by the Court in is matter, my signature below constitutes a full and complete release and discharge of Mattress Firm, Inc. by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns of all minimum wage and overtime compensation claims, including, without limitation, all state and federal claims for wages, penalties, interest, and liquidated damages, attorneys' fees, costs, and expenses, that were or could have been asserted in this matter against Mattress Firm through May 26, 2011. For purposes of this release, Mattress Firm, Inc. means and includes and Mattress Firm, Inc's employees, directors, officers, agents, shareholders, insurers, indemnitors, independent contractors, and principals (whether past or present and in their individual and official capacity), all companies or firms affiliated with Mattress Firm, Inc., including all parent and/or subsidiary and/or affiliated corporations.

**Signature:** _____

**Print:** _____
               First          Middle          Last

# Hosier, et al. v. Mattress Firm, Inc., Case No. 3:10-CV-294
## Middle District of Florida (Jacksonville Division)

**<u>Note: Your address and other identifying information will be kept confidential and will not be filed in the Public Domain</u>**

_____
Street Address

_____
City                                                      State         Zip Code

Social Security No. _____  Email Address _____

Work # _____  Home # _____  Cell # _____

**If you move, you must update the Settlement Claims Administrator with your new address.**

7